IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR287 |
| | ) | |
| v. | ) | |
| | ) | |
| LEE VANG, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Filing No. 152), in which he makes two claims which are essentially related to one another. Claim 1 alleges his conviction was obtained by use of evidence gained by use of evidence gained pursuant to an unconstitutional search and seizure; and Claim 2 alleges that he received ineffective assistance of counsel from Federal Public Defender Michael Maloney, who he alleges provided ineffective assistance of counsel when he refused to file motions to suppress the evidence gained from the search and seizure of the defendant's automobile. The government has filed a response (Filing No. 154).

Briefly, this case arises from a traffic stop of a rental vehicle made by the Nebraska State Patrol on May 1, 2009. The vehicle was driven by Yer Yang, and the defendant, who had rented the vehicle, was riding as a passenger at the time of the

stop. The issue in this case is whether defendant failed to receive effective assistance of counsel from Federal Public Defender Michael Malony.

With respect to effective assistance of counsel as required by the Sixth and Fourteenth Amendments to the Constitution, the seminal case is *Strickland v. Washington*, 466 U.S. 668 (1984), wherein the Supreme Court laid down the following guidelines in addressing this issue:

> Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

> [C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.
>
> * * *
>
> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Strickland v. Washington*, 466 U.S. at 690-695.

In this case, Mr. Vang's co-defendant Yer Yang filed a motion challenging the legality of the stop and the seizure of the drugs contained in the vehicle. A hearing was held by the magistrate judge, at the conclusion of which he issued a recommendation that the defendant Yer Yang's motion should be denied. That ruling was appealed to this Court. The Court reviewed the transcript of the hearing held by the magistrate judge, reviewed his decision, and found that the magistrate judge's report and recommendation should be approved. The Court adopted those findings and recommendations and denied co-defendant's motion to suppress the evidence.

No showing of any kind has been made or even suggested that there is any other evidence that could have or should have been considered by the magistrate judge or this Court in the ruling on the co-defendant's motion, or that the result would have been different if Mr. Maloney had filed such a motion.  For these reasons, the Court finds the § 2255 motion of defendant should be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 12th day of July, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court